[Doc. No. 81]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

ROBERT SMALL,                           :
                                        :
            Plaintiff,                   :
                                        :
      v.                                 :          Civil No. 06-1363(RMB)
                                        :
CAMDEN COUNTY, et. al.,                  :
                                        :
            Defendants.                  :

## OPINION AND ORDER

_____ This matter is before the Court on the "Motion to Establish a June 9, 2008 Deadline for the Submission of Affidavits of Merit" [Doc No. 81], filed by Lizanne V. Hackett, Esquire, counsel for Plaintiff, Robert Small.  Plaintiff seeks an extension of time to file his Affidavits of Merit in support of his claims against Defendants, Steven Schofield, Josephine Curls, Pettis, Hellender and Kimberly Adams (hereinafter "Defendants").[1]  Defendants filed opposition to Plaintiff's Motion.  For the reasons to be discussed below, Plaintiff's Motion is GRANTED.

Plaintiff filed his original Complaint *pro se* on March 22, 2006 [Doc. No. 1].  The Court granted Plaintiff's Motion for Appointment of Pro Bono Counsel [Doc. No. 7] on February 27, 2007.  In addition, the Court's February 27, 2007 Opinion and Order [Doc. No. 8] denied Plaintiff's request for leave to file an Amended Complaint without prejudice pending the

---

[1] Plaintiff has also named Camden County, Camden County Correctional Facility, David Owens, Eric Taylor, David Crossan, Nieves, John Vernon, Worlds, Sergio Monroe, Charles Walker, Melendez, Cross, Cooper (a.k.a. Henry), Webster, Lipka, Deforge, Harris, Peter Farlow, Jones, Eric Patracci, James, Tisby, Daniels, Accetti, Simmons, Hicks, Hollimon, Welsey, Rodriguez, Alkins, Ellis, and Franceschini (hereinafter collectively "County Defendants") as Defendants.  However, he has not alleged professional negligence against them that requires an Affidavit of Merit.

appointment of counsel.  See Doc. No. 8.  Counsel first entered an appearance on behalf of
Plaintiff on April 16, 2007.  Plaintiff filed his First Amended Complaint on June 15, 2007
joining Defendants.  See Doc. No. 16.  Defendants filed an Answer to the First Amended
Complaint on November 5, 2007.  See Doc. No. 62.  Plaintiff filed a Second Amended
Complaint on January 15, 2008.  See Doc. No. 65.  Defendants filed an Answer to Plaintiff's
Second Amended Complaint on February 8, 2008.  See Doc. No. 72.

In support of his Motion, Plaintiff argues that good cause exists to grant him a sixty (60)
day extension of time to file his Affidavit of Merit.  Plaintiff contends that he did not receive a
complete set of his medical records from the County Defendants until April 7, 2008, and that his
experts could not prepare their Affidavits without his complete medical records.  Therefore,
Plaintiff argues, it was impossible for him to file his Affidavits within the initial sixty day time
period.

Defendants oppose Plaintiff's Motion and argue that they filed their Answer to Plaintiff's
First Amended Complaint on November 5, 2007, making Plaintiff's Affidavit of Merit due
March 4, 2008.  Plaintiff did not file this Motion until May 15, 2008.  Defendants also argue that
Plaintiff received a complete copy of his medical records from the County Defendants with their
Rule 26 Disclosures on November 29, 2007 and, therefore, Plaintiff had all the information he
needed to produce his Affidavit within the statutory time period.  Defendants further argue that
Plaintiff's written discovery to Defendants did not request information that had any bearing on an
Affidavit of Merit so Plaintiff did not have to wait for Defendants' responses before filing his
Affidavit.

As a preliminary matter, the Court must determine which Complaint is operable in this

2

case.  Pursuant to Fed. R. Civ. P. 15(a)(2), after a responsive pleading has been filed a party may amend its pleading only with the opposing party's written consent or leave of court. Plaintiff's First and Second Amended Complaints were filed without leave of court.  Further, nothing was filed with the Court indicating written consent from the named Defendants to file either Amended Complaint.  However, leave to amend pleadings "shall be freely given when justice so requires."  Id.  The Third Circuit has consistently held that "prejudice to the non-moving party is the touchstone for the denial of an amendment."  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).

In this case, Defendants have not objected to the fact that Plaintiff filed his First and Second Amended Complaints without leave of Court.  Defendants filed an Answer to both Amended Complaints.  Further, Defendants argue that the date they filed their Answer to Plaintiff's First Amended Complaint is the operative date for the filing of Plaintiff's Affidavit of Merit.  Based upon their failure to object, the Court finds that Defendants have not been prejudiced by Plaintiff's filing of his First and Second Amended Complaints without leave of court.  See Beale v. Department of Justice, Civil No. 06-2186 (JBS), 2007 WL 327465, at * 3 (D.N.J. January 30, 2007) ("[W]hile Plaintiffs amended their complaint improperly, the Court will allow Plaintiff to amend the complaint finding that justice and judicial economy 'so requires'"); Kemco Sales, Inc. v. Control Papers Company, Inc., Civil No. 97-1291 (WGB), 1998 WL 684257, at *2 (D.N.J. April 1, 1998) (holding that the plaintiff's amended complaint filed without leave of court should not be stricken because the defendant was not prejudiced); Sydnor v. Office of Personnel Management, Civil No. 06-14, 2007 WL 2029300, at *2 (E.D.Pa. July 11, 2007) (finding that the defendant did not suffer undue prejudice as a result of the plaintiff's

failure to obtain leave of court before filing his amended complaint and the amendment was

permitted).  Based upon this authority, the Court grants Plaintiff leave to amend his Complaint

*nunc pro tunc*.  Plaintiff's Second Amended Complaint is deemed the operable Complaint

because it supercedes all previously filed Complaints in the case.  See Snyder v. Pascack, 303

F.3d 271, 276 (3d Cir.2002) ("an amended pleading supercedes all prior pleadings and the prior

pleadings have no further role in the case").

The Court will next address whether Plaintiff is entitled to an extension of time to file his

Affidavit of Merit. Pursuant to N.J.S.A. 2A:53A-27, in professional malpractice cases:

> [t]he plaintiff shall, within 60 days following the date of filing of
> the answer to the complaint by the defendant, provide each
> defendant with an affidavit of an appropriate licensed person that
> there exists a reasonable probability that the care, skill, or
> knowledge exercised or exhibited in the treatment, practice or work
> that is the subject of the complaint, fell outside acceptable
> professional or occupational standards or treatment practices.  The
> court may grant no more than one additional period, not to exceed
> 60 days, to file the affidavit pursuant to this section, upon a finding
> of good cause.

The purpose of the Affidavit of Merit requirement is "not only to dispose of meritless

malpractice claims early in the litigation, but also to allow meritorious claims to move forward

unhindered." Burns v. Belafsky, 166 N.J. 466, 475 (2001).  The sixty day period to file an

Affidavit of Merit begins to run once the defendant files an answer to the plaintiff's complaint.

N.J.S.A. 2A-53A-27.  Plaintiff may receive an additional sixty (60) days in which to file his

Affidavit upon a showing of good cause.  Id.

Defendants argue the time period for Plaintiff to file his Affidavit of Merit began to run

after Defendants filed their Answer to Plaintiff's First Amended Complaint.  However, the Third

Circuit has ruled that, "the statute's purpose is best implemented . . . by establishing as the beginning point of the 120-day limitations period the date on which a defendant files his answer to the final amended complaint." Snyder, 303 F.3d at 276.   Further, the New Jersey Supreme Court has held that a plaintiff is not required to file a motion for an extension of time for "good cause" within the original sixty day period in order to gain an additional sixty days within which to file the required affidavit of merit.  Burns, 166 N.J. at 476-477.  Defendants filed their Answer to Plaintiff's Second Amended Complaint on February 8, 2008.  Plaintiff's Affidavit of Merit, therefore, was due on April 8, 2008.  Plaintiff filed his Motion for an extension of time on May 15, 2008, within the sixty day statutory extension period.  The New Jersey Supreme Court has cautioned against applying an overly restrictive interpretation of the Affidavit of Merit statute, and has held that a plaintiff is not limited to seeking a sixty day extension within the initial sixty day period, but may request the extension during the additional sixty day period.  Burns, 166 N.J. at 476-77.  Plaintiff's Motion for an extension of time was therefore timely filed and may be granted upon a showing of good cause.

Plaintiff argues he did not receive a complete copy of his medical records until April 7, 2008, and, therefore, he was not able to provide an Affidavit of Merit without a complete copy of his records.  Plaintiff contends he only received half of his medical records from the County Defendants' Rule 26 Disclosures on November 29, 2007.  Under these circumstances, the Court finds that good cause exists to extend the time period for the filing of Plaintiff's Affidavit of Merit until June 9, 2008, sixty days after the initial time period expired on April 8, 2008.

Accordingly, for all the foregoing reasons,

IT IS on this 1st day of August 2008 hereby

ORDERED that Plaintiff's "Motion to Establish a June 9, 2008 Deadline for the Submission of Affidavits of Merit" is GRANTED; and it is further

ORDERED that Plaintiff's Affidavits of Merit filed on June 4, 2008 [Doc. No. 86] and June 5, 2008 [Doc. No. 87] are deemed to have been timely served.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge